UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RAHSON STAPLES,<br>Plaintiff, | Civil Action No. 1:17-cv-742<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| CODEY JILLERAT, et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Rahson Staples, proceeding pro se, brings this action against defendants Duane Weyand, Neil Rager, Joshua Riley, Jerry Popp, and Codey Juillerat[1] under 42 U.S.C. § 1983 alleging claims of First Amendment retaliation, false arrest and false imprisonment, and denial of medical care following two arrests and a detention in Wilmington, Ohio. (Doc. 5). This matter is before the Court on defendants' motion to dismiss (Doc. 14), plaintiff's response in opposition (Doc. 17), and defendants' reply memorandum (Doc. 19). This matter is also before the Court on plaintiff's motion for settlement. (Doc. 20).

**I. Procedural Background**

Plaintiff was granted leave to proceed *in forma pauperis* and filed his complaint on January 8, 2018. (Docs. 4, 5). That same day, the undersigned conducted a *sua sponte* review of plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (Doc. 6). The undersigned recommended that plaintiff could proceed with his claims against defendants Juillerat, Popp, Rager, Weyand, and Riley in their individual capacities, but dismissed plaintiff's remaining claims. (*Id.* at 13). Both parties filed objections to the Report and Recommendation. (Docs. 9, 12). On March 14, 2018, defendants filed their motion to dismiss. (Doc. 14). On May

---

[1] Plaintiff lists "Cody Jillerat" in the complaint, but the correct spelling is "Codey Juillerat." (Doc. 14).

18, 2018, the District Judge adopted the Report and Recommendation, concluding that "the information contained in the motion to dismiss and the responsive memoranda more thoroughly outlines the parties' competing arguments than do the objections to the Report and Recommendation." (Doc. 22 at 2). The District Judge overruled the objections and noted that "a more thorough evaluation of the merits of Plaintiff's claims is appropriate." (*Id.*).

**II. The Complaint**

In his complaint, plaintiff alleges that while at the home of his friend Judy Roberson in Wilmington, Ohio in April 2017, Officers Juillerat, Popp, and Rager arrived and insisted that he identify himself and produce identification. (Doc. 5 at 11). Plaintiff alleges he did not provide identification and was subsequently arrested. (*Id.*). Plaintiff, who suffers from epilepsy, alleges that he experienced a seizure during the arrest. (*Id.*). Plaintiff alleges: "these officers subjected me to extreme cynicism (personal) as to the authenticity of my epilepsy (seizure disorder) thus interfering with my treatment. Furthermore these officers unlawful [sic] unconstitutionally coached/ordered doctor to deem me 'fit for incarceration.'" (*Id.*). According to plaintiff, he was released from jail hours later. (*Id.*).

Plaintiff alleges he received a telephone call from defendant Chief Weyand the next day, informing plaintiff that he had "some religious info and organizations to work with [plaintiff]." (*Id.*). Plaintiff claims that defendant Chief Weyand instructed him to meet at the police station and plaintiff complied. (*Id.*). Plaintiff alleges that he was arrested by defendant Detective J.R. Riley upon arrival. (*Id.*). Plaintiff alleges that Chief Weyand "devised a ruse to trap [plaintiff] though [his] religious intentions" and defendant Riley personally "issued an individuals warrant on me as a fugitive from justice from New York." (*Id.*). Plaintiff alleges: "[o]bviously there was

an immense amount of discrimination and personal bias interest, motive and intent to single me out, exploit my religious propensities and punish me in any way possible." (*Id.*).

As best the Court can discern, plaintiff brings claims under 42 U.S.C. § 1983 for First Amendment religious retaliation, false arrest and false imprisonment, and denial of medical care based on these facts. (*See* Doc. 5 at 12). For relief, plaintiff seeks monetary damages. (*Id.* at 15).

### III. Motion to Dismiss (Doc. 14)[2]

Defendants move to dismiss the complaint with prejudice under Fed. R. Civ. P. 12(b)(6) on the ground that the complaint fails to state a claim upon which relief may be granted. (Doc. 14). First, defendants contend that plaintiff fails to state claims for false arrest and false imprisonment under 42 U.S.C. § 1983 because there was probable cause for his arrests, which defeats a finding for both of these claims. (*Id.* at 7). In support, defendants attach public records to their motion to dismiss, showing the three charges for plaintiff's two arrests and the disposition of these charges. (Doc. 14-1).

Second, defendants contend that plaintiff fails to state a claim for First Amendment retaliation because the probable cause for his arrest defeats a finding of retaliation. (Doc. 14-1 at 9) (citing cases within the Sixth Circuit and Southern District of Ohio). Defendants also argue that even if there was no probable cause for both of the arrests, plaintiff fails allege the requisite elements to state a claim for retaliation. (*Id.* at 10). Defendants also contend that they are entitled to qualified immunity. (*Id.*).

Third, defendants argue that plaintiff fails to allege sufficient facts that they denied or interfered with his medical treatment. (*Id.* at 11). Defendants argue that plaintiff fails to identify

---

[2] Defendants' motion to dismiss reiterates the same arguments as their objections to this Court's January 2018 Report and Recommendation. (Doc. 14).

3

symptoms of physical distress that would have put defendants Juillerat, Popp, and Rager on notice that he needed medical care during the first arrest. (*Id.* at 12). Defendants further argue that because plaintiff received some medical care while he was briefly detained, his denial of medical care claim cannot stand. (*Id.* at 12-13).

In response, plaintiff argues that defendants had no probable cause for his arrests. (Doc. 17 at 5). Plaintiff argues that he was wrongfully charged for misusing the 911 system to report an emergency because the call was placed by his friend, Miss Roberson. (*Id.* at 12). Plaintiff argues that the charge was later dropped. (*Id.* at 13). Plaintiff argues that he "adamantly refused" to plead guilty for his second charge—misleading a public official. (*Id.* at 18). Plaintiff argues that at no time during the initial arrest did defendants have knowledge of the arrest warrant from New York (which formed the basis for his second arrest). (*Id.* at 11). Plaintiff maintains that he was arrested on the basis of his race and religion. (*Id.* at 3-4).

In reply, defendants contend that there was probable cause for the first arrest because plaintiff pled guilty to one of the charges stemming from this arrest. (Doc. 19 at 2).

### A. Rule 12(b)(6) standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not

plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must hold pro se pleadings to less stringent standards than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

### B. Plaintiff's false arrest and false imprisonment claims should be dismissed.

When a § 1983 plaintiff brings a claim of false arrest, "[t]he federal constitutional right implicated . . . is the Fourth Amendment right to be arrested only upon probable cause." *Crockett v. Cumberland Coll.*, 316 F.3d 571, 579-80 (6th Cir. 2003) (citing *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (finding that a claim for wrongful arrest turns on whether officer had probable cause under the Fourth Amendment); *Radavansky v. City of Olmstead Falls*, 496 F.3d 609, 614 (6th Cir. 2007) (to prevail on Fourth Amendment false arrest claim, plaintiff must establish officer lacked probable cause to believe person committed or was committing an offense). Claims of false arrest and false imprisonment under § 1983 overlap, with false arrest being a species of false imprisonment. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). False imprisonment is detention without legal process. *Id.* at 389. False imprisonment necessarily ends when the individual becomes held pursuant to legal process, *e.g.*, when he is arraigned on charges. *Id.* To prevail on a false arrest and false imprisonment claim under the Fourth Amendment, a plaintiff must show that he was arrested without probable cause and detained without legal process. *Wallace*, 549 U.S. at 390. The Supreme Court has defined probable cause

5

as "the facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

In the present case, plaintiff alleges that he was falsely arrested and falsely imprisoned in connection with his arrests in Wilmington, Ohio on April 4, 2017 and April 6, 2017. (Doc. 5 at 11). However, plaintiff fails to allege sufficient facts establishing that he was arrested or imprisoned without probable cause as required to establish a violation of his constitutional rights.

Moreover, defendants' exhibits, which the Court is permitted to consider on a motion to dismiss as a matter of public record,[3] demonstrate that there was probable cause for the charges and proceedings against plaintiff. The exhibits show that on April 4, 2017, plaintiff was charged with violating Ohio Rev. Code § 2921.13(A)(3) for "knowingly mak[ing] a false statement . . . when . . . the statement was made with purpose to mislead a public official in performing his official function." (Case No. 17CRB517A, Ex. A, Doc. 14-1 at 17-20). Plaintiff pled guilty to this charge on May 11, 2017 and was sentenced to 180 days in jail. (*Id.* at 17). As such, plaintiff's guilty plea for the charge under Ohio Rev. Code § 2921.13(A)(3) "estop[s] [him] from now asserting in federal court that the defendant police officers acted without probable cause" for the underlying arrest and confinement. *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988). *See also Fannon v. Patterson*, No. 3:13-cv-14, 2014 WL 4273337, at *4 (S.D. Ohio Aug.

---

[3] In ruling on a motion to dismiss the Court can consider "exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).

29, 2014) (holding that plaintiff failed to plausibly plead claims of false arrest or false imprisonment under § 1983 because public records indicated that plaintiff entered a guilty plea).

On April 4, 2017, plaintiff was also charged with violating Ohio Rev. Code § 4931.49(D)[4] for "knowingly us[ing] the telephone number of the 911 system to report an emergency if [he] knows that no emergency exists." (Case No. 15CRB517B, Exh. B., Doc. 14-1 at 23). In a sworn affidavit executed on the day of the arrest, defendant Juillerat states that he responded to a 911 emergency call and upon arrival, plaintiff admitted to calling 911 for a non-emergency situation. (*Id.* at 24). This charge was dismissed on motion of the state. (*Id.* at 22). Although plaintiff argues that the charge against him under Ohio Rev. Code § 4931.49(D) was dismissed (*See* Doc. 17 at 13), "an arrest grounded in probable cause does not become invalid simply because the charges are later dropped or the defendant is acquitted." *Manley v. Paramount's Kings Island*, 299 F. App'x 524, 530 (6th Cir. 2008) (citing *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 638 (6th Cir. 2004)). Probable cause is apparent from the face of defendant Juillerat's affidavit. (Ex. B, Doc. 14-1 at 24). *See Radvansky*, 395 F.3d at 305 (An officer has probable cause when he discovers reasonably reliable information that a suspect has committed a crime). Accordingly, because probable cause existed for plaintiff's arrest on April 4, 2017, plaintiff's claims of false arrest and false imprisonment fail as a matter of law.

Likewise, probable cause also existed for plaintiff's second arrest on April 6, 2017 because he was arrested pursuant to a March 17, 2017 warrant from the New York Department of Corrections and Community Supervision. (Ex. C, Doc. 14-1 at 26). "An arrest pursuant to a facially valid warrant is generally a complete defense to a claim for false arrest or false

---

[4] Ohio Rev. Code § 4931.49(D) has been relocated to Ohio Rev. Code § 128.32.

7

imprisonment brought under § 1983." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (citing *Baker v. McCollan*, 443 U.S. 137, 143-44 (1979)). However, where an officer intentionally provided misleading information or omitted information at a probable cause hearing for an arrest warrant and the misleading or omitted information is critical to the finding of probable cause, the officer may not rely on the judicial determination of probable cause. *Id.* n.4 (citing *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998); *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997)). Here, plaintiff's complaint fails to allege specific facts relating to the probable cause determination surrounding the issuance of his arrest warrant out of New York state. Accordingly, plaintiff's claims of false arrest and false imprisonment should be dismissed because there was probable cause for both arrests.

**C. Plaintiff's First Amendment retaliation claim should be dismissed.**

Plaintiff appears to allege that defendants arrested him in retaliation for the exercise of his First Amendment religious beliefs. Plaintiff alleges: "I assert 1st . . . Amendment violations due to my initial arrest due to officers seeing me in religious attire and asserting a special interest in me." (Doc. 5 at 11). Plaintiff alleges to be a devout adherent to the Islamic faith who dresses only in "traditional prayer garb." (*Id.* at 10). Plaintiff alleges that defendants arrested him as a result of a current trend of "Islamophobic sentiments" and "severe religious animus." (*Id.*).

To state a claim for retaliation, a plaintiff must allege that "(1) [he] engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a casual connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Sixth Circuit has held that where there is probable cause for an arrest, a First Amendment retaliation claim

8

fails as a matter of law. *Barnes v. Wright*, 449 F.3d 709, 720 (6th Cir. 2006). *See also Hightower v. City of Columbus*, No. 2:12-cv-437, 2013 WL 5963215, at *6-7 (S.D. Ohio Nov. 7, 2013).

Here, plaintiff's First Amendment retaliation claim fails as a matter of law because, as explained above, probable cause existed for his arrests on April 4, 2017 and April 6, 2017. Accordingly, plaintiff's First Amendment retaliation claim should be dismissed.

**D. Plaintiff's denial of medical care claim should be dismissed.**

The Due Process Clause of the Fourteenth Amendment forbids officers from acting with "deliberate indifference" towards a pretrial detainee's serious medical needs. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). A constitutional claim for denial of medical care has both objective and subjective components. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 897. The subjective component requires that officers have a "sufficiently culpable state of mind in denying medical care." *Id.* at 895. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Here, plaintiff alleges that defendants Rager, Popp, and Juillerat denied him medical care during his first arrest when he suffered from a seizure. (Doc. 5 at 11). Plaintiff alleges: "[o]nce I had a seizure, these officers subjected me to extreme cynicism (personal) as to the authenticity of my epilepsy (seizure disorder) thus interfering with my treatment. Furthermore these officers unlawful[ly] unconstitutionally coached/ordered doctor to deem me fit for incarceration." (*Id.*).

9

Plaintiff's complaint fails to allege sufficient facts stating a denial of medical care claim against defendants Rager, Popp, and Juillerat. Objectively, plaintiff has stated a serious medical need— that he suffered from a seizure during the arrest. *Parsons v. Caruso*, 491 F. App'x 597, 601 (6th Cir. 2012) (seizure disorder is a sufficiently serious medical need). Subjectively, however, plaintiff has failed to plead sufficient facts that any actions on part of defendants Rager, Popp, and Juillerat amounted to deliberate indifference. Plaintiff fails to allege specific facts supporting his claim that defendants "interfered" with his ability to receive medical care. Indeed, plaintiff alleges on the face of his complaint that he received medical treatment from a doctor following the arrest. (Doc. 5 at 11). Plaintiff seeks to cast blame on defendants Rager, Popp, and Juillerat for a doctor's conclusion that he was deemed "fit for incarceration." (*Id.*). Plaintiff's allegations in this regard amount to no more than "a difference of opinion . . . and a dispute over the adequacy of his treatment," which is insufficient to establish deliberate indifference. *Gilmore v. Hitchens*, No. 2:17-cv-00052, 2017 WL 6035233, at *7 (S.D. Ohio Dec. 6, 2017) (quoting *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 1976)), *adopted*, 2018 WL 527102 (S.D. Ohio Jan. 24, 2018). Accordingly, plaintiff's denial of medical care claim should be dismissed.

**IV. Plaintiff's Motion for Settlement (Doc. 20)**

Plaintiff moves the Court to issue a settlement in his favor. (Doc. 20). Plaintiff alleges that he is "presently in a moribund state (i.e. battling severe cirrhosis, cancer, etc.)" and thus seeks "reasonable relief/damages for my/the beyond de minimus injuries already incurred." (*Id.*). As the Court has recommended that all of plaintiff's claims be dismissed, plaintiff's motion for settlement (Doc. 20) is **DENIED** as **MOOT**.

10

## V. Conclusion

Based on the foregoing, it is **RECOMMENDED** that defendants' motion to dismiss (Doc. 14) be **GRANTED**.

It is **ORDERED** that plaintiff's motion for settlement (Doc. 20) is **DENIED as MOOT.**

Date: 8/8/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAHSON STAPLES,
Plaintiff,

vs.

CODEY JILLERAT, et al.,
Defendants.

Case No: 1:17-cv-742
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).